# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>WAYFAIR INC.,<br><br>    Defendant. | CASE NO. 6:14-cv-901<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Wayfair Inc. ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendant has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 719 W. Front Street, Suite 157, Tyler, Texas 75702.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant Wayfair Inc. ("Wayfair") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4 Copley Place, Floor 7, Boston, Massachusetts 02116-6504.

7. Plaintiff is further informed and believes, and on that basis alleges, that Wayfair is in the business of licensing and selling home goods and products, and derives a significant portion of its revenue from transactions conducted through and using at least, but not limited to, its iOS-compatible mobile application available for download from the Apple App Store (hereinafter, the "App") and related server(s).

8. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Wayfair has done and continues to do business in this judicial district, including, but not limited to, by selling products to customers located in this judicial district by way of the Wayfair App and related server(s).

## FACTS

9. On March 7, 2006, United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network" (the "'508 Patent") was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of the '508 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference. On September 1, 2008, Lockwood licensed all rights in the '508 Patent to Plaintiff. Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '508 Patent, including all rights to enforce the '508 Patent and to recover for infringement. The '508 Patent is valid and in force.

10. On or about October 21, 2014, Plaintiff sent Defendant a letter informing Defendant of the '508 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '508 Patent.

11. As more fully laid out below, Defendant has been and is now infringing the '508 Patent, in this judicial district and elsewhere, by selling products using its App and related server(s), which, individually or in combination, incorporate and/or use subject matter claimed by the '508 Patent.

## FIRST CLAIM FOR RELIEF

**(Direct Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(a))**

12. Plaintiff refers to and incorporates herein by reference paragraphs 1-11.

13. The claims of the '508 Patent relate to "an automated multimedia system for data processing for delivering information on request to at least one user," comprising a variety of features.

14. The App and related server(s) are "an automated multimedia system for data processing for delivering information on request to at least one user," practicing the claims of the '508 Patent.

15. By way of example, only, and not limited to it, Defendant's App and server(s) infringe claims of the '508 Patent in that, for example, Defendant's App and server(s) provide a system that practices all of the limitations of the claims and on which its customers search for products and information, including:

   a. The App and server(s) are an automated multimedia system for data processing for delivering information on request to at least one user. That is, it uses text and graphics, among other means, to deliver product information and other information to Defendant's customers.

   b. The App and servers(s) include at least one computerized station.

   c. The App and server(s) practice all of the remaining limitations of claims of the '508 Patent.

16. Defendant, therefore, by the acts complained of herein, is making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, and has in the past and is now continuing to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

17. Defendant threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

18. By reason of the acts of Defendant alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

19. Plaintiff is informed and believes, and on that basis alleges, that the infringement by Defendant is willful, wanton, and deliberate, without license, and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. For an order finding that the '508 Patent is valid and enforceable;

B. For an order finding that, by the acts complained of herein, Defendant has directly infringed the '508 Patent in violation of 35 U.S.C. § 271;

C. For an order finding that Defendant has willfully infringed the '508 Patent;

D. For an order temporarily, preliminarily and permanently enjoining Defendant, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches,

parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '508 Patent;

E. For an order directing Defendant to deliver to Plaintiff for destruction or other disposition all infringing products and systems in its possession;

F. For an order directing Defendant to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendant has complied with the injunction;

G. For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendant's profits or gains of any kind from its acts of patent infringement;

H. For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendant's infringement;

I. For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

J. For an order awarding Plaintiff pre-judgment and post-judgment interest; and

K.      For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: December 8, 2014                Respectfully Submitted,

                                                By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

Attorneys for Plaintiff,
Landmark Technology, LLC